**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Lee Hayes, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Deputy Commissioner for Operations, Social Security Administration<br><br>Defendant. | No. CV-17-01694-PHX-JZB<br><br>**ORDER** |

Plaintiff Eric Lee Hayes, Sr. seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. The Commissioner concedes that the decision of the Administrative Law Judge ("ALJ") contains legal error as to one physician's medical opinion. Accordingly, the only question before the Court is whether the ALJ's decision must be remanded for further proceedings, or for an award of benefits. Because the ALJ's decision contains legal error and an evaluation of the record as a whole creates serious doubt that Plaintiff is, in fact, disabled, the Court will remand for further proceedings.

**I.  Background.**

On May 4, 2011, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2010. On December 17, 2015, he appeared with his attorney and testified at a hearing before the ALJ. At the hearing, Plaintiff

amended the alleged onset date of disability to June 1, 2011. A vocational expert also testified. On February 23, 2016, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

**II.  Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate non-disability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*,

881 F.2d 747, 755 (9th Cir. 1989).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2015, and that he has not engaged in substantial gainful activity since June 1, 2011. (AR 17.) At step two, the ALJ found that Plaintiff has the following severe impairments: "residuals of cervical fusion, left knee replacement, residuals of right elbow surgery, headaches/migraines, degenerative changes of the lumbar spine, hepatitis C, degenerative changes of the right knee, right carpal tunnel

syndrome, and obesity." (*Id.*) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.*) At step four, the ALJ found that Plaintiff has the RFC to perform:

> Light work as defined in 20 CFR 404.167(b) and 416.967(b) except the claimant can life/carry 20 pounds occasionally and 10 pounds frequently. In an eight-hour workday, the clamant [sic] would be required to sit/stand/walk a total of eight hours, exclusive of normal breaks. He would have the option to change positions every 30 minutes, as long as he did not leave his workstation with every change of position. He could occasionally stoop, kneel, crouch, and climb ramps/stairs but should never climb ladders, ropes, or scaffolds or crawl. The claimant is able to use foot controls occasionally on the left side. He can occasionally reach overhead bilaterally. The claimant should not perform any work that involves direct contract with food products, constant keyboarding, or use of hand tools that [require] torqueing motions or pressure. He should avoid concentrated exposure to extreme cold, unprotected heights, and vibration.

(*Id.* at 18.)

The ALJ further found that Plaintiff is able to perform any of his past relevant work as a collections clerk. (*Id.* at 25.) Accordingly, the ALJ concluded that Plaintiff was not disabled during the period in question. (*Id.* at 26.)

**IV.    Analysis.**

Plaintiff argues the ALJ's decision is defective for two reasons: (1) the ALJ erred in rejecting Drs. DeSouza and Sochacki's assessments, instead according great weight to Drs. Goodrich and Khumalo's assessments, and (2) the ALJ erred in rejecting Plaintiff's symptom testimony. The Commissioner concedes the ALJ erred when evaluating the opinion of Dr. DeSouza; however, the parties disagree on the appropriate remedy, and the Court must decide whether to remand for further proceedings or for an award of benefits.

Where an ALJ fails to provide adequate reasons for rejecting the opinion of a

physician, the Court must credit that opinion as true. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). There is "flexibility" that allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, Plaintiff argues the Court must remand this case for award of benefits for three reasons. First, further proceedings would serve no purpose because the Commissioner failed to identify how Dr. DeSouza's assessment is deficient. (Doc. 29 at 4.) Second, if Dr. DeSouza's assessment, credited as true, establishes that Plaintiff would be unable to perform the sedentary job of a collections clerk, then at step five he would necessarily be found disabled and unable to perform any sustained work. (*Id.* at 4-5.) Third, the ALJ improperly discredited Plaintiff's symptom testimony, "which *alone* establishes that he is entitled to benefits." (Doc. 20 at 27.) (emphasis in original)

The Commissioner contends the Court must remand for further proceedings for three reasons. First, further proceedings would serve a useful purpose because significant factual conflicts exist between the opinion of Dr. DeSouza and the remainder of the medical record, and the ALJ did not complete step five of the disability analysis. (Doc. 28 at 19.) Second, the ALJ reasonably evaluated the opinions of Drs. Khumalo, Goodrich, and

Sochacki. (*Id.* at 5.) Third, the ALJ reasonably evaluated Plaintiff's subjective complaints. (*Id.*)

After a review of the record, the Court finds that remand for further proceedings is appropriate because, even if Dr. DeSouza's assessment is credited as true, the record as a whole creates serious doubt that Plaintiff is, in fact, disabled. Specifically, the record shows that the opinions of Drs. Khumalo and Goodrich are inconsistent with the opinions of Drs. DeSouza and Sochacki; Plaintiff's subjective complaints are inconsistent with the medical record; Plaintiff was noncompliant with recommended treatments; and, Plaintiff's daily activities indicate his symptoms and limitations do not result in total disability. Additionally, the ALJ did not complete step five in the disability analysis, which may have indicated Plaintiff is able to do other sedentary work. Thus, further proceedings are necessary to resolve conflicts and ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").

### A. Weighing of the Medical Source Evidence.

Plaintiff argues that the ALJ improperly weighed the medical opinions of the following medical sources: Dr. DeSouza, M.D., Dr. Sochacki, M.D., Dr. Khumalo, M.D., and Dr. Goodrich, M.D. The Commissioner "concedes that the ALJ failed to apply legally sufficient reasons for rejecting the opinion of treating physician Christine DeSouza" (Doc. 28 at 5.), but does not specify how the ALJ erred. Accordingly, the Court will briefly address how the ALJ failed to supply sufficient reasoning to reject Dr. DeSouza's assessment for the purposes of remand.

#### 1. Legal Standard

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester*, 81 F.3d at 830. Generally, an ALJ should give greatest weight to a treating physician's opinion and more

weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

### 2. Dr. DeSouza.

Dr. DeSouza's medical opinion was contradicted by the opinions of Drs. Khumalo and Goodrich. (AR 110-12, 582-87.) Drs. Khumalo and Goodrich opined Plaintiff had greater abilities than those identified in Dr. DeSouza's opinion. (*Id.*)The ALJ could therefore discount Dr. DeSouza's opinion for specific and legitimate reasons supported by substantial evidence. *Lester*, 81 F.3d at 830-31.

Dr. DeSouza has been Plaintiff's treating primary care physician since December 2011. (AR 614.) In January 2013, Dr. DeSouza completed a medical assessment of Plaintiff's ability to do work-related physical activities. (AR 1528.) Dr. DeSouza assessed Plaintiff's impairments required that, during an eight-hour work day, Plaintiff would be limited to sitting for two hours, standing/walking for less than two hours, and lifting or carrying more than 10 pounds but less than 15 pounds. (*Id.*) She further opined that Plaintiff would need to frequently change positions and rest, and Plaintiff's impairments would cause him to miss work six or more days per month. (AR 1528-29.)

The ALJ assigned "little weight" to Dr. DeSouza's opinions, finding that:

> She appeared sympathetic to claimant because he alleged homelessness and diagnostic testing results were not supportive of her limitations (Exhibit 52F). Further, she ignored the noncompliance of the claimant. Additionally, she is an internist and not an orthopedist or pain management specialist.

(AR 23-24.)

### a. Dr. DeSouza Appeared Sympathetic.

The ALJ found that Dr. DeSouza "appeared sympathetic to [Plaintiff] because he alleged homelessness." (AR 23.) An ALJ "may not assume that doctors routinely lie to help their patients collect disability benefits." *Lester*, 81 F.3d at 832. The ALJ provided no basis for finding that Dr. DeSouza appeared sympathetic, nor did the ALJ point to any actual or alleged improprieties. Accordingly, the Court concludes the ALJ's first reason was not legitimate.

### b. Dr. DeSouza's Opinions Are Inconsistent with the Medical Record.

The ALJ asserts that "diagnostic testing results were not supportive of [Dr. DeSouza's] limitations." (AR 23-24.) To properly reject a treating physician opinion, an ALJ must set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751. But the ALJ does not point to any specific facts in the record that failed to support Dr.

DeSouza's assessment. The ALJ cited to Exhibit 52F, which includes 15 pages of various reports, including a routine blood pressure check, an annual wellness exam, and treatment of a puncture wound to the thumb. (AR 1960-74.) An ALJ's statement that a treating physician's medical opinion is unsupported by objective findings, without more, "does not achieve the level of specificity" the Ninth Circuit requires. *Embrey*, 849 F.2d at 421. The ALJ failed to provide specific and legitimate reasons for why little weight was given to Dr. DeSouza's assessment on the basis of inconsistencies with the medical record. Accordingly, the Court concludes that the ALJ's second reason for giving little weight to Dr. DeSouza was not legitimate or supported by substantial evidence.

### c. Dr. DeSouza Ignored the Noncompliance of Plaintiff.

The ALJ found that Dr. DeSouza "ignored the noncompliance of the [Plaintiff]." (AR 24.) The ALJ does not cite anything in the record to support this assertion. The "ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Orn*, 495 F.3d at 632. The ALJ failed to identify what noncompliance she is referencing, and why such noncompliance would discount Dr. DeSouza's medical opinion. Accordingly, the Court concludes that the ALJ's third reason was not supported by substantial evidence.

### d. Dr. DeSouza is an Internist and Not a Specialist.

The ALJ found that Dr. DeSouza "is an internist and not an orthopedist or pain management specialist." (AR 24.) Generally, "the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a non-specialist." *Smolen*, 80 F.3d at 1285 (citing 20 C.F.R. § 404.1527(d)(5)). But a physician's opinion cannot be disregarded simply because it addresses a topic outside his or her expertise. *Lester*, 81 F.3d at 833. As the Ninth Circuit explained:

> The treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight.... An integral part of the treating physician's role is to take into account all the available information regarding all of his patient's impairments—including

> the findings and opinions of other experts. The treating physician's *continuing relationship* with the claimant makes him *especially qualified* to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment.

*Id.*(emphasis added). Given this guidance, the Court concludes that the ALJ's fourth reason for discounting Dr. DeSouza's assessment, although specific, was not legitimate or supported by substantial evidence.

### B. Inconsistent Medical Opinions.

The Court finds that inconsistent medical opinions in the record, unaccompanied by specific and legitimate reasons to discount Drs. DeSouza's and Sochacki's opinions in favor of Drs. Khumalo's and Goodrich's opinions, raise substantial doubt about the existence of a disability. Specifically, Dr. DeSouza completed a physical capacities assessment, finding Plaintiff is capable of less than sedentary work. (AR 1528-29.) But Dr. Khumalo opined Plaintiff could perform a range of light to medium work, and Dr. Goodrich opined that Plaintiff could perform the requirements of light work. (AR 582-87, 125-27.) As discussed above, the ALJ's reasons for rejecting Dr. DeSouza's assessment of Plaintiff's work capacities were not legitimate nor supported by substantial evidence.

The Court finds that the inconsistencies between the opinions of Drs. DeSouza and Sochacki, and state agency physicians Drs. Khumalo and Goodrich, create serious doubt about whether the Plaintiff is disabled. Accordingly, the Court finds that remand for further proceedings is proper. *See Treichler,* 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

### C. Inconsistencies with the Medical Record.

The Court finds that Plaintiff's subjective complaints are inconsistent with the medical record, and raise serious doubt about the existence of a disability. Specifically, Plaintiff has testified that he had surgery on his right elbow, still has numbness and tingling

in his right arm, and suffers from disabling limitations from carpal tunnel syndrome that preclude him from work. (AR 39, 364.) But evidence in the medical record appears to show that Plaintiff is not as limited as his testimony suggests. For instance, on June 26, 2012, Plaintiff showed normal strength, sensation, and reflexes in the upper extremities. (AR 774.) On September 7, 2012, Plaintiff was subjected to repetitive-use testing of both hands. (AR 752.) Plaintiff completed testing without additional limitation in the range of motion in his fingers or thumbs, and he exhibited intact hand grip strength with no ankyloses of the thumb or fingers. (AR 748-60.) Further, Plaintiff did not exhibit any functional loss or impairment of his fingers or thumbs. (AR 754.) Although it was noted that Plaintiff's hand conditions "can impair his typing and can limit the opportunities for employment . . . [Plaintiff] report[ed] his pain meds help." (AR 760.)

The Court finds that the inconsistencies between Plaintiff's symptom testimony and the medical record create serious doubt that Plaintiff is disabled. Accordingly, the Court finds that remand for further proceedings is proper. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (remanding for further proceedings, and finding claimant's "statements at her hearing do not comport with objective evidence in her medical record").

### D. Noncompliance with Treatments.

The Court finds that Plaintiff was noncompliant with recommended treatments, which raises serious doubt about the existence of a disability. Specifically, Plaintiff has testified that he is unable to work due, in part, to tightness and stiffness in his upper spine and neck. (AR 40-41.) In February 2014, Plaintiff underwent cervical fusion surgery, and in August 2014, he reported feeling "70% better" since starting physical therapy. (AR 1887.) But evidence in the medical record seems to indicate that Plaintiff failed to follow recommended treatments that would further improve his symptoms. For instance, in August 2014, Plaintiff's physical therapist recommended further treatments for his cervical pain twice a week for three weeks. (AR 1887.) Plaintiff did not follow this

recommendation, and neglected to return to physical therapy for approximately eight months. (*See* AR 1869-81, 1900-07.) Accordingly, Plaintiff's unexplained failure to comply with this treatment regimen undermines his symptom testimony and raises doubt about the extent of his limitations.

The Court finds that the level and frequency of Plaintiff's adherence to recommended treatment creates serious doubt that plaintiff is disabled. Accordingly, the Court finds that remand for further proceedings is proper. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("Finally, even if all three requirements are met, we retain 'flexibility' in determining the appropriate remedy. We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." (citations and quotations omitted)).

### E. Daily Activities.

The Court finds that Plaintiff's daily activities are inconsistent with his subjective testimony, and raise serious doubt about the existence of a disability. Specifically, Plaintiff has testified that he suffers from disabling limitations from carpal tunnel syndrome that preclude him from work. (AR 364.) But evidence in the medical record appears to show that Plaintiff engages in daily activities that are incompatible with the severity of the alleged limitations. For instance, Plaintiff has indicated he is able to use his hands to drive, cook, clean, go grocery shopping, count change, and use the computer. (AR 47-48, 380-82, 725-29.) This indicates that while Plaintiff's conditions may cause him to have some restrictions and limitations, his symptoms do not result in total disability.

Because the Court finds that the inconsistencies between Plaintiff's symptom testimony and his daily activities create serious doubt that Plaintiff is disabled, remand for further proceedings is proper. *See Brown-Hunter*, 806 F.3d at 495.

### F. Conclusion.

In this instance, the ALJ has failed to provide legally sufficient reasons for rejecting evidence, and if the improperly discredited evidence were credited as true, the ALJ would not be required to find the claimant disabled on remand. Further, evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled. Specifically, the record shows that the opinions of Drs. Khumalo and Goodrich are inconsistent with the opinions of Drs. DeSouza and Sochacki; Plaintiff's subjective complaints are inconsistent with the medical record; Plaintiff was noncompliant with recommended treatments; and, Plaintiff's daily activities indicate his symptoms and limitations do not result in total disability. Accordingly, the ALJ should provide legally sufficient reasons to reject the medical opinions of Drs. DeSouza and Sochacki to resolve conflicts in the medical testimony; set forth specific and legitimate reasons that support a determination of Plaintiff's credibility; and resolve the remaining inconsistencies and ambiguities in the record. *Andrews*, 3 F.3d at 1039. Therefore, the Court will exercise its discretion and remand for further proceedings.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 25th day of June, 2018.

Honorable John Z. Boyle
United States Magistrate Judge